## SUPREME COURT—IN EQUITY.

### JULY TERM—1876.

*Harris and Judd, J. J.*

### AWA (CHINAMAN) *vs.* J. KAMIO, ADMINISTRATOR.

THE plaintiff having sued as a partner for a share of proceeds, and failing to prove partnership, is not barred from bringing an action on a *quantum meruit.*

To show the value of agricultural labor, proof may be given of labor in raising a different crop from that in question.

It is a proper instruction to the jury to find for the side on which the evidence preponderated.

OPINION BY HARRIS, J.

The first ground of exception is that the defendant had judgment at this term of the Court in another action in

which the plaintiff claimed a sum of money, being half of the proceeds of an awa crop, said to belong to him and the deceased man Aniani as partners.

This suit was in the nature of an action for the conversion of partnership goods, over which the plaintiff averred that he had a right as a partner. He might have claimed the whole goods, as well as a half of them, if he had chosen. The whole question raised was partnership or no partnership. Under the allegations and proofs, if he were a partner he was entitled to recover without abatement and would have been entitled to recover, if he had claimed the whole of the crop. If he did not show himself to be a partner under the allegations and proofs in the first action, he would not be entitled to recover anything. The jury was so instructed and found that he was not a partner.

In this action the plaintiff accepts the first verdict as conclusive, and brings his action claiming a *quantum meruit* for work and labor done by him for the benefit of Aniani and his estate.

This is clearly a different cause of action certainly not adjudicated in the first suit. Therefore the first exception is overruled.

On the second point of exception we are of opinion that Ali's testimony of what he was paying on a rice plantation was admissible.

The planting of rice as well as of awa is an agricultural operation and required a like kind of labor. One might as well say that hoeing corn and mowing grass, or planting potatoes and planting wheat were not similar employments.

Upon the third exception, the concluding instruction of the Court to wit: That the jury would find for the side on which the evidence preponderated, was all that the defendant could require.

With regard to the last exception, namely the introduction of the Chinese account book, to show what had been done

with some money which appeared during the trial to have been received by the plaintiff for the sale of some awa:

It is sufficient to say that there was no notice of set off given by the defendant, and the whole question of the money received for awa was therefore not in issue. It having transpired in the course of the testimony that a sum of money had been received, it neither harmed nor benefitted one side or the other to continue to show what had become of it.

Exceptions overruled and plaintiff may have judgment on the verdict.

Castle and Smith for plaintiff.

A. S. Hartwell for defendant.